IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| ARTISSA GAINES, | ) | Civil No. 05-689-JE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | FINDINGS AND |
| | ) | RECOMMENDATION |
| NORDSTROM, INC., et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

Artissa Gaines
P.O. Box 11641
Portland, OR 97211
    Plaintiff pro se

Stephen P. McCarthy
John R. Barhoum
Lane Powell P.C.
601 S.W. Second Avenue, Suite 2100
Portland, OR 97204-3158
    Attorneys for Defendant Nordstrom

JELDERKS, Magistrate Judge:

1 - FINDINGS AND RECOMMENDATION

Pro se plaintiff Artissa Gaines brings this action pursuant to 42 U.S.C. § 1983 against defendants Nordstrom, Inc., Amber Powers, Udy Thomas, "Mathew/Portland Police," and "David/Portland Police." Defendant Nordstrom moves to dismiss pursuant to Fed. R. Civ. P. 8 and 12(b)(6). The motion brought pursuant to Rule 12(b)(6) should be granted, and the motion brought pursuant to Rule 8 should be denied as moot.

## BACKGROUND

Plaintiff's narrative complaint describes an incident at the Nordstrom in downtown Portland, Oregon, during which plaintiff was allegedly assaulted by employees of defendant Nordstrom, and was detained and held for the defendant police officers. The complaint also describes plaintiff's subsequent detention and incarceration, and alleges that plaintiff was subjected to various acts that deprived plaintiff of her civil rights.

Plaintiff has appended a number of documents to her complaint. These include a Portland Police Bureau Investigation Report of the incident giving rise to this action, a Portland Police Bureau Custody Report, an affidavit of probable cause, a Nordstrom "Loss Prevention" report completed by defendant Amber Power, a record of plaintiff

2 - FINDINGS AND RECOMMENDATION

being charged with one count of attempted theft in the first degree and one count of attempted assault in the fourth degree, correspondence from the office of the Multnomah County Public Defender, and documents indicating that the charges of attempted theft and attempted assault were dismissed. Defendant Nordstrom has submitted a copy of a judgment from the Multnomah County Circuit Court dated April 26, 2004, indicating that plaintiff was convicted of "obst. Gov, Jud. Admin."

Plaintiff's allegations and the material appended to the complaint set out the following facts:

On January 23, 2004, an employee of defendant Nordstrom who was responsible for loss prevention asked plaintiff to leave the Nordstrom store in downtown Portland, Oregon. A physical altercation ensued, and defendant Nordstrom's employees placed plaintiff in handcuffs and contacted the Portland Police. After a Portland police officer had reviewed a video recording of the incident, Portland police officers went to the Nordstrom store and took plaintiff into custody.

The caption of plaintiff's complaint describes this action as a "MOTION FOR A CIVIL RIGHTS COMPLAINT PURSUANT TO TITLE 42 U.S.C. § 1983," and the complaint includes a jurisdictional statement that cites § 1983. The

3 - FINDINGS AND RECOMMENDATION

jurisdictional statement also cites 28 U.S.C. § 1331, which sets out the court's federal question jurisdiction, and 28 U.S.C. § 1343, which extends the jurisdiction of federal district courts to certain civil rights actions.

**DISCUSSION**

1. <u>Standards for evaluating motions to dismiss for failure to state a claim</u>

In evaluating a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept the allegations of material fact as true, and must construe those allegations in the light most favorable to the non-moving party. <u>Parks Sch. of Bus. v. Symington</u>, 51 F.3d 1480, 1484 (9th Cir. 1995). A claim should be dismissed only if it appears beyond doubt that the plaintiff can establish no set of facts under which relief could be granted. <u>Jacobsen v. Hughes Aircraft Co.</u>, 105 F.3d 1288, 1292 (1997) (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).

2. <u>Analysis</u>

Defendant Nordstrom contends that plaintiff's complaint fails to state a claim against it upon which relief may be granted because plaintiff does not allege that it acted under

4 - FINDINGS AND RECOMMENDATION

color of state law and deprived her of rights that are secured under the United States Constitution or federal statutes.

This argument is well taken. The caption and jurisdictional statement of the complaint indicate that this action is brought under 42 U.S.C. § 1983, and plaintiff has pleaded no facts that would support any alternative basis for this court to assert jurisdiction over defendant Nordstrom. In order to prevail on a claim brought under § 1983, a plaintiff must establish that a defendant's action taken under color of state law deprived him or her of rights secured under the Constitution or laws of the United States. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970). In determining whether a private individual or entity may be liable under § 1983, the question is whether the infringement of federally-protected rights that is alleged may be "'fairly attributable to the state.'" Rendel-Baker v. Kohn, 457 U.S. 830, 838 (1982) (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)).

Plaintiff's allegations and the material appended to the complaint do not state, imply, or support the conclusion that defendant Nordstrom acted under color of state law during the incident giving rise to plaintiff's § 1983 claim against this defendant. This material instead demonstrates that the

Nordstrom employees upon whose action the claim against defendant Nordstrom is apparently based were simply acting as employees of a private entity, and were not acting in any manner as public law enforcement officials, employees, or agents during the time in question. Under these circumstances, plaintiff cannot state a § 1983 claim against defendant Nordstrom upon which relief may be granted. The motion to dismiss pursuant to Rule 12(b)(6) should therefore be granted.

Because plaintiff cannot state a claim upon which relief against defendant Nordstrom may be granted, I need not and do not reach the question whether the action should also be dismissed for failure to comply with Rule 8. Instead, I recommend denying the motion to dismiss brought pursuant to Rule 8 as moot.

### CONCLUSION

Defendant Nordstrom's motion to dismiss for failure to state a claim upon which relief may be granted (# 8-2) should be GRANTED, and the motion to dismiss for failure to comply with Fed. R. Civ. P. 8 (# 8-1) should be DENIED as moot.

**SCHEDULING ORDER**

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due August 2, 2005. If no objections are filed, the Findings and Recommendation will go under advisement on that date.

A party may respond to another party's objections within 10 days after service of a copy of the objections. If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or the latest date for filing a response.

DATED this 15th day of July, 2005.

>                    /s/ John Jelderks
>                    John Jelderks
>                    U.S. Magistrate Judge