IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ARTISSA GAINES,                                    CV 05-689-JE

            Plaintiff,                             ORDER

v.

NORDSTROM, INC., AMBER POWERS,
UDY THOMAS, MATHEW/PORTLAND
POLICE, and DAVID/PORTLAND
POLICE,

            Defendants.


CEDRIC R. BROWN
720 N.E. Flanders Street
Suite 204
Portland, OR  97232
(503) 231-4669

        Attorney for Plaintiff[1]

_____

        [1] Plaintiff filed her Complaint and Response to Defendant
Nordstrom's Motion to Dismiss *pro se*.  On July 27, 2005, after
this matter was referred to this Court for review, Cedric Brown
filed a Notice of Representation.

1 - ORDER

**STEPHEN P. MCCARTHY**
Lane Powell, PC
601 S.W. Second Avenue
Suite 2100
Portland, OR 97204-3158
(503) 778-2187

Attorneys for Defendant Nordstrom[2]


**BROWN, Judge.**

Magistrate Judge John Jelderks issued Findings and Recommendation (#18) on July 15, 2005, in which he recommended the Court grant Defendant Nordstrom's Motion to Dismiss (#8). The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b).

Because no objections to the Magistrate Judge's Findings and Recommendation were timely filed, this Court is relieved of its obligation to review the record *de novo*. *Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). *See also Lorin Corp. v. Goto & Co.*, 700 F.2d 1202, 1206 (8th Cir. 1983). Having reviewed the legal principles *de novo*, the Court does not find any error.

As noted, even though Plaintiff retained counsel after this matter was referred to the Court for review, Plaintiff filed her complaint *pro se*. In civil rights cases involving a plaintiff proceeding *pro se*, this Court construes the pleadings liberally

---

[2] Plaintiff has served only Defendant Nordstrom as of the date of this Order.

and affords the plaintiff the benefit of any doubt.  *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Tech., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1998).  *See also Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988).  Before dismissing a *pro se* civil rights complaint, the court must provide the plaintiff with a statement of the complaint's deficiencies.  *McGuckin*, 974 F.2d at 1055.  *See also Karim-Panahi*, 839 F.2d at 623-24; *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987).  The court will permit a *pro se* litigant to amend his complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment.  *Karim-Panahi*, 839 F.2d at 623.  *See also Noll v. Carlson*, 809 F.2d 1446, 1447 (9th Cir. 1987).  The Court, therefore, grants Plaintiff leave to amend her Complaint by October 10, 2005.

### CONCLUSION

The Court **ADOPTS** Magistrate Judge Jelderks's Findings and Recommendation (#18) and **GRANTS** Defendant Nordstrom's Motion to Dismiss (#8).  The Court concludes the Magistrate Judge's Findings and Recommendation adequately explain the deficiencies in Plaintiff's attempted § 1983 claims against Defendant Nordstrom.  Although this Court agrees there is not any way Plaintiff can overcome the deficiencies as to the § 1983 claim, the Court concludes it may be possible the Court would have

supplemental jurisdiction over possible state claims against Defendant Nordstrom while it retains jurisdiction as to the § 1983 claim against the police officer Defendants, who, as yet, have not been served and thus, have not appeared.  The Court, therefore also **GRANTS** Plaintiff leave to file an amended complaint by October 10, 2005.

IT IS SO ORDERED.

DATED this 26th day of September, 2005.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge