IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**ARTISSA GAINES,**                                              05-CV-689-PK

        **Plaintiff,**                                         ORDER

v.

**NORDSTROM, INC.,**

        **Defendant.**


**CEDRIC R. BROWN**
720 N.E. Flanders Street
Suite 204
Portland, OR  97232
(503) 231-4669

    Attorney for Plaintiff

**STEPHEN P. MCCARTHY**
Lane Powell, PC
601 S.W. Second Avenue
Suite 2100
Portland, OR 97204-3158
(503) 778-2187

    Attorneys for Defendant

1 - ORDER

**BROWN, Judge.**

Magistrate Judge Paul Papak issued Findings and Recommendation (#68) on August 14, 2006, in which he recommended the Court grant Defendant Nordstrom's Motion for Summary Judgment (#43) as to Plaintiff's claims for intentional infliction of emotional distress and violations of 42 U.S.C. § 1981, 42 U.S.C. § 2000a, and Or. Rev. Stat. § 659A.403. The Magistrate Judge also recommended the Court decline to exercise supplemental jurisdiction over Plaintiff's claims for false imprisonment and assault. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). Plaintiff filed timely objections to the Findings and Recommendation. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b).

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1). *See also United States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981), *cert. denied*, 455 U.S. 920 (1982). Because the objecting party did not arrange for the transcription of the record pursuant to Fed. R. Civ. P. 72(b) nor did any party protest the lack of a transcript, the Court did not review a

transcript or tape recording of the proceedings before the Magistrate Judge as part of the Court's *de novo* review.  *See Spaulding v. Univ. of Wash.*, 686 F.2d 1232, 1235 (9th Cir. 1982).

Plaintiff contends in her Objections to the Findings and Recommendation that the Court should exercise supplemental jurisdiction over her claims for false imprisonment and assault because the statute of limitations has run on these claims and, therefore, Plaintiff would be precluded from filing them in state court.

Plaintiff's contention is not well taken.  As the Supreme Court explained in *Jinks v. Richland County, S.C.*:

> To prevent the limitations period on . . . supplemental claims from expiring while the plaintiff was fruitlessly pursuing them in federal court, [28 U.S.C.] § 1367(d) provides a tolling rule that must be applied by state courts:  "The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period."

538 U.S. 456, 459 (2003)(quoting 28 U.S.C. § 1367(d)).  "Section 1367(d) replaces this selection of inadequate choices [that existed prior to its enactment] with the assurance that state-law claims asserted under § 1367(a) will not become time barred while pending in federal court."  *Id*.  Accordingly, the statute of limitations on Plaintiff's claims for false imprisonment and

3 - ORDER

assault is tolled for at least 30 days after this Court declines to exercise supplemental jurisdiction and dismisses those claims without prejudice.

This Court has reviewed the pertinent portions of the record *de novo*, does not find any error in the Magistrate Judge's Findings and Recommendation, and adopts the Findings and Recommendation.

## CONCLUSION

The Court **ADOPTS** Magistrate Judge Papak's Findings and Recommendation (#68). Accordingly, the Court **GRANTS** Defendant's Motion for Summary Judgment (#43) as to Plaintiff's claims for intentional infliction of emotional distress and violations of 42 U.S.C. § 1981, 42 U.S.C. § 2000a, and Or. Rev. Stat. § 659A.403 and declines to exercise supplemental jurisdiction over Plaintiff's claims for false imprisonment and assault. The Court, therefore, **DISMISSES** Plaintiff's claims for intentional infliction of emotional distress and violations of 42 U.S.C. § 1981, 42 U.S.C. § 2000a, and Or. Rev. Stat. § 659A.403 **with prejudice** and **DISMISSES** Plaintiff's claims for false imprisonment

4 - ORDER

and assault **without prejudice.**

    IT IS SO ORDERED.

    DATED this 19th day of September, 2006.

                                     /s/ Anna J. Brown
                              _____
                              ANNA J. BROWN
                              United States District Judge